# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

~~Kahn~~
~~Clerk~~

In Replying Give Number
Of Case And Names of Parties

October 20, 2003

Clarence Maddox
Clerk, U.S. District Court
701 Clematis St., Room 402
West Palm Beach  FL  33401



RE: 02-16422-BB      USA v. Victor Zapata
DC DKT NO.: 86-00511 CR-KLR

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one folder, one psi
    Original record on appeal or review, consisting of: seven volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (8-2002)

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

------------------------------------------

No. 02-16422
Non-Argument Calendar

------------------------------------------

D. C. Docket No. 86-00511-CR-KLR



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 19 2003
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR ZAPATA,

Defendant-Appellant.

------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

------------------------------------------

(September 19, 2003)

Before EDMONDSON, Chief Judge, BARKETT and HULL, Circuit Judges.

**PER CURIAM:**

Defendant-Appellant Victor Zapata appeals his 13-year prison sentence for participating in a RICO conspiracy, in violation of 18 U.S.C. § 1963. No reversible error has been shown; we affirm.

Zapata was indicted on one count of RICO conspiracy and a number of controlled-substances violation. After remaining a fugitive for about seven years, Zapata pled guilty to the RICO count pursuant to a written plea agreement. The plea agreement provided that Zapata would cooperate fully with authorities, disclose all relevant information and testify truthfully if called upon to do so. The plea agreement also obligated Zapata to submit to a polygraph examination if requested, and provided that Zapata stipulated to the competency of the examiner and the reliability of the results. In return, the controlled-substance counts were dismissed; and the Government agreed to make known at

sentencing the extent of Zapata's cooperation and to recommend a sentence not to exceed ten years' imprisonment. The plea agreement contained a provision that allowed the Government the option to void the agreement if, in the Government's sole discretion, it determined that Zapata had knowingly provided incomplete or untruthful information.

Zapata objected to certain factual representations in his PSI and to its characterization of his role in the described criminal conduct. Zapata willingly took a polygraph examination on the disputed matters. The Government submitted a sentencing memorandum that notified the district court that Zapata was less than candid in his debriefing, that his information was not entirely consistent with that of other cooperating co-defendants, and that Zapata's responses to a polygraph examination were indicative of deception. The Government made no sentencing recommendation; because Zapata had failed to be fully cooperative or truthful, the

Government left it to the court to "impose whatever sentence it deems appropriate under the circumstances and consistent with the plea agreement."

At sentencing, the differences between Zapata's and the Government's assessment of Zapata's conduct and culpability were explored by both parties. The district court determined, however, that it need not resolve factual disputes; resolution of these disputes would have no impact on sentencing. Zapata was sentenced to 13 years' imprisonment. Zapata, when queried by the court, voiced no objection to the district court's findings of fact or the manner in which sentence was imposed.

Zapata raises a single issue on appeal: whether the Government breached the plea agreement by failing to recommend a sentence of no more than ten years and by advocating a harsher sentence as a result of his having failed the polygraph examination. Because Zapata was given the opportunity to object after

imposition of sentence but failed to do so, objection to sentence is barred absent manifest injustice. United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). Manifest injustice inquiry equates with plain error review. Id. See also, United States v. Thayer, 204 F.3d 1352, 1356 (11th Cir. 2000) (unobjected-to alleged breach of plea agreement waived absent plain error). A plain forfeited error may only be corrected on appeal if it affects substantial rights and "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 113 S.Ct. 1770, 123 (1993) (citation and internal quotations omitted).

Zapata fails to show that plain error relief is due. Zapata argues that the parties anticipated little cooperation would be required of Zapata pursuant to the plea agreement and that, in any event, the agreement required only that Zapata take a polygraph exam -- not that he pass it. But while Zapata notes correctly that

the Government's compliance with a plea agreement "is judged according to the defendant's reasonable understanding at the time that he entered his plea," United States v. Taylor, 77 F.3d 368, 370 (11th Cir. 1996) (citations and internal quotations omitted), no "hyper-technical reading" or "rigidly literal approach" to the plea agreement language is acceptable. United States v. Jeffries, 908 F.2d 1520, 1523 (11th Cir. 1990). Whether or not the plea agreement contemplated Zapata providing new or important information, it did contemplate full and truthful cooperation.

The Government's obligations under the plea agreement were conditioned on Zapata's complete and truthful cooperation. The Government concluded that Zapata failed to be fully cooperative or truthful; that conclusion rested within the sole discretion of the Government. Because a condition precedent to the Government's obligation was not satisfied, no breach of the plea agreement has been shown. See Mahique, 150 F.3d at 1332-33 (no breach of plea

agreement by government because condition to government's obligation not satisfied).

Even if we were to assume that the Government breached the plea agreement -- an assumption unsupported by the facts -- Zapata still fails to show plain error relief would be due. No argument is made that the Government acted in bad faith or that the sentence imposed was unfair. An unobjected-to breach of the plea agreement without more "does not rise to the level of unjustly affecting a substantial right of the defendant." Thayer, 204 F.3d at 1356.

AFFIRMED.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

7

# United States Court of Appeals
## For the Eleventh Circuit

No. 02-16422

District Court Docket No.
86-00511-CR-KLR

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Sep 19, 2003

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

VICTOR ZAPATA,

    Defendant-Appellant,

Appeal from the United States District Court
for the Southern District of Florida

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

### JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
OCT 2 0 2003
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:    September 19, 2003
For the Court:    Thomas K. Kahn, Clerk
By:    Jackson, Jarvis